# In the United States Court of Federal Claims

No. 24-523

Filed: April 18, 2024

_____
|   |
| :-- |
| RACQUEL LEWIS, |
|                 *Plaintiff*, |
|   v. |
| THE UNITED STATES, |
|                 *Defendant*. |

_____

**ORDER**

      Plaintiff Racquel Lewis[1] filed this action on April 3, 2024, against the "Department of Homeland Security Public Safety – 1CE [*sic*]." ECF No. 1 at 4. In her complaint, Plaintiff alleges violations of 42 U.S.C. § 1983, 28 U.S.C. §§ 1332, 1346(b), and 2671-80. Plaintiff's claims arise from her perceived discrimination meant to depict her as "mentally unstable, a behavior risk and a criminal (terrorist)." *Id.* Along with her complaint, Plaintiff also filed a motion for leave to proceed *in forma pauperis*, ECF No. 2.

      Because the Court grants Plaintiff's motion to proceed *in forma pauperis*, the Court must review Plaintiff's complaint under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) instructs that the Court "shall dismiss the case at any time if the court determines that . . . [the action]: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See also Mohammed v. United States*, No. 2022-2052, 2022 WL 4242532, at *1 (Fed. Cir. Sept. 15, 2022) ("Pursuant to § 1915(e)(2)(B)(ii), a court of the United States must dismiss an IFP action if the court determines that the action fails to state a claim on which relief may be granted."). Additionally, this Court's rules instruct that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

---

[1] Plaintiff is a litigious individual. *See* Order of Dismissal, *Lewis v. United States*, No. 24-489 (Fed. Cl. Apr. 3, 2024), ECF No. 5 at 1 n. 1 (listing Lewis' prior actions in other courts); *see also Lewis v. City of Phila. Parking Violations*, No. 23-CV-1649, 2023 WL 3362583, at *2 n.4 (E.D. Pa. May 9, 2023) (considering Lewis a "regular pro se litigant").

Based on that preliminary review, the Court cannot reach the merits of Plaintiff's claims because of the lack of subject-matter jurisdiction under 28 U.S.C. § 1500.[2] Regardless of § 1500, Plaintiff's claims seek monetary relief from the United States based on causes of action outside of the United States' waiver of sovereign immunity in this Court. Accordingly, the Court must dismiss Plaintiff's action.

## I. This Court lacks jurisdiction under 28 U.S.C. § 1500.

Section 1500 removes the jurisdiction of this Court when related actions are pending in other courts. *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 310 (2011). Put another way, this Court "has no jurisdiction over a claim if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents." *Id.* The § 1500 inquiry is two-fold. First, there must be an earlier-filed suit pending in another court. *Otis v. United States*, No. 23-483, 2024 WL 87640, at *3 (Fed. Cl. Jan. 8, 2024). Second, the earlier-filed suit must be "for or in respect to" the claim before this Court. *Id.* "Two suits are for or in respect to the same claim, precluding jurisdiction in the CFC, if they are based on substantially the same operative facts, regardless of the relief sought in each suit." *Tohono O'Odham Nation*, 563 U.S. at 317. In this case, the analysis on both prongs is straightforward.

As to the first prong, when the Plaintiff filed her complaint here she had a pending case in the United States District Court for the Eastern District of New York, which she filed on April 2, 2024. That case was clearly pending on the day she filed this action. *See* Complaint for Violation of Civil Rights, *Lewis v. Dep't of Health Servs.*, No. 1:24-cv-02503 (E.D.N.Y. Apr. 2, 2024), ECF No. 1. Plaintiff filed her case in this Court on April 3, 2024.[3] Because Plaintiff's Eastern District of New York case was pending on the day she filed her action in this Court, § 1500's first prong is easily satisfied. *Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed. Cir. 2004).

On the second prong, the two cases are certainly "in respect to" the same claims. *Tohono O'Odham Nation*, 563 U.S. at 310. To be sure, Plaintiff filed the same exact document to lay out her factual background and claims in both cases. The only material difference in her New York case pleadings is that she added a few additional exhibits to her complaint. *Compare* ECF No. 1, *with* Complaint for Violation of Civil Rights, *Lewis v. Dep't of Health Servs.*, No. 1:24-cv-02503 (E.D.N.Y. Apr. 2, 2024), ECF No. 1. Because the allegations of the complaints are substantively

---

[2] The Court maintains an independent duty to ensure its own jurisdiction. *See UNR Indus., Inc. v. United States*, 962 F.2d 1013, 1023 (Fed. Cir. 1992) ("Courts are obliged to resolve jurisdictional questions on their own even if parties do not raise them.").

[3] Plaintiff's Eastern District of New York case was dismissed as frivolous on April 11, 2024. *See* Memorandum & Order, *Lewis v. Dep't of Health Servs.*, No. 1:24-cv-02503 (E.D.N.Y. Apr. 11, 2024), ECF No. 4. However, that dismissal does not impact the analysis—the relevant inquiry looks only to the date the complaint was filed in this Court. *Cent. Pines Land Co. v. United States*, 697 F.3d 1360, 1364 (Fed. Cir. 2012) ("Because subject matter jurisdiction depends on the state of things at the time of the Claims Court action that was brought, we look to the facts as they exist when a plaintiff filed his Claims Court complaint to determine if § 1500 applies.").

identical to each other, the claims arise from the same set of operative facts and this Court lacks jurisdiction. *Griffin v. United States*, 590 F.3d 1291, 1294 (Fed. Cir. 2009).

## II. This Court lacks jurisdiction over Plaintiff's claims regardless of her New York action.

Regardless of § 1500, the Court lacks jurisdiction over Plaintiff's claims. Plaintiff first lists 42 U.S.C. § 1983, the Federal Tort Claims Act,[4] and 28 U.S.C. § 1332 as the bases for her claims, but none are within the Court's jurisdiction. *See Alexander v. United States*, 131 F. App'x 275, 277 (Fed. Cir. 2005) ("[T]he Court of Federal Claims does not have jurisdiction over section 1983 claims."); *Bru'ton v. United States*, 621 F. App'x 650, 651 (Fed. Cir. 2015) ("It is well established that the Court of Federal Claims does not have jurisdiction over tort claims."); *Allen v. United States*, No. 2020-2143, 2022 WL 186067, at *2 (Fed. Cir. Jan. 20, 2022) ("The federal question and diversity jurisdiction statutes . . . 28 U.S.C.§§ 1331 and 1332, concern the jurisdiction of the district courts, not the Court of Federal Claims."). To the extent Plaintiff raises workplace religious discrimination claims, this Court lacks jurisdiction over those claims, too. *Baker v. United States*, 642 F. App'x 989, 991 (Fed. Cir. 2016). Additionally, the Court lacks jurisdiction over criminal statutes, like 18 U.S.C. § 241 as cited by Plaintiff. *Cunningham v. United States*, 479 F. App'x 974, 975 (Fed. Cir. 2012) ("[T]he Court of Federal Claims lacks jurisdiction over criminal actions under Title 18 of the United States Code."). Lastly, Plaintiff cites the First, Fourth, and Fourteenth amendments to the Constitution; however, this Court lacks jurisdiction over those sorts of claims, too. *Id.* (finding the Court lacks jurisdiction over constitutional claims that are not money-mandating—*e.g.*, the Fourth and Fourteenth Amendments); *Taylor v. United States*, 590 F. App'x 983, 985 (Fed. Cir. 2014) (holding that the Court lacks jurisdiction over First Amendment claims).

Additionally, Plaintiff lists numerous parties as defendants that this Court does not have jurisdiction over because these parties are not the United States. *Martin v. United States*, No. 2022-1810, 2023 WL 1878576, at *3 (Fed. Cir. Feb. 10, 2023) ("For example, the court can only hear claims against the government; thus, it cannot hear claims brought against individuals, even individuals alleged to be federal officials."); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials."). The fact that Plaintiff used the Court's form complaint which lists the United States as the sole defendant does not establish jurisdiction, either. *Cooper v. United States*, 771 F. App'x 997, 1000 (Fed. Cir. 2019) ("Although the complaint names the United States as the sole defendant in the case caption, we customarily look to the substance of the pleadings rather than their form to determine whether jurisdiction exists.") (internal quotations omitted).

## III. Conclusion

For the foregoing reasons, the Court:

---

[4] Plaintiff also raises various other torts, including fraud, intentional infliction of emotional distress, intrusion upon seclusion, etc.

- GRANTS Plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 2;
- DISMISSES Plaintiff's complaint for lack of subject-matter jurisdiction; and
- DIRECTS the Clerk's Office to enter judgment accordingly.

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge
